1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                 Plaintiff,

v.

JOSHUA CRUZ,

                 Defendant.

Case No.:  6-cr-1243-DMS-17

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE AND DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL**

      Pending before the Court are Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Defendant's Sentence Motion ("Sent. Mot."), ECF No. 1687), and Motion to Appoint Counsel, (Defendant's Counsel Motion ("Counsel Mot."), ECF No. 1700).   The Government filed a response in Opposition.   (Government's Opposition ("Opp'n"), ECF No. 1709).   For the following reasons, the Court **DENIES** Defendant's Motions.

## I.    BACKGROUND

      On January 4, 2008, the jury found Defendant guilty of participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d).  (ECF No. 993).  The Court then sentenced Defendant to a term of life imprisonment.  (ECF No. 1089).  In making this determination, the Court found that the Government established beyond a reasonable doubt that Defendant committed premeditated murder as part of the conspiracy.  (Opp'n Exhibit 1, Sentencing Transcript).

1

Defendant has unsuccessfully challenged his conviction and sentence several times. First, Defendant filed a direct appeal. (ECF No. 1092). The Ninth Circuit affirmed his conviction and sentence on October 6, 2011. (ECF No. 1398); *United States v. Martinez*, 657 F.3d 811 (9th Cir. 2011). Second, on January 7, 2013, Defendant filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1438). The Court denied this motion on October 2, 2013, (ECF No. 1488), and the Ninth Circuit denied his request for a certificate of appealability, (ECF No. 1508). Third, on October 17, 2019, Defendant filed his second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1598). The Court denied this motion on December 21, 2020. (ECF No. 1638). Pending now is Defendant's fourth attempt to modify his sentence. (*See generally* Sent. Mot.).

## II.    LEGAL STANDARD

§ 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). In other words, if the defendant satisfies the initial exhaustion requirement, "a district court may reduce a previously imposed sentence and grant compassionate release if 'extraordinary and compelling reasons warrant such a reduction,' so long as (1) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (2) the release is consistent with the factors in 18 U.S.C.

§ 3553(a)." *United States v. Simpson*, 2024 WL 5193853, at *2 (S.D. Cal. Dec. 19, 2024) (citing § 3582(c)(1)(A)(i)).

Recently, the Sentencing Commission passed guidance on when "extraordinary and compelling reasons" exist for compassionate release. *United States v. Vieyra*, 2025 WL 96289, at *2 (S.D. Cal. Jan. 13, 2025) (citing U.S.S.G. § 1B1.13). Such reasons include: (1) the medical circumstances of the defendant; (2) the advanced age of the defendant; (3) the family circumstances of the defendant; (4) physical or sexual abuse suffered by the defendant while in custody; and (5) other circumstances that "are similar in gravity to those described in . . . (1) through (4)". U.S.S.G. § 1B1.13(b)(1)–(5). Additionally, the defendant may be entitled to release if he "received an unusually long sentence", has served at least ten years, and there has been a "change in the law", "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6). "As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction." *United States v. Gonzalez*, 2024 WL 4895728, at *1 (S.D. Cal. Nov. 26, 2024) (citing *United States v. Varnado*, 2020 WL 2512204, at *1 (S.D. Cal. May 15, 2020)).

## III.    DISCUSSION

The parties do not dispute whether Defendant has met the exhaustion requirement. At issue instead is whether "extraordinary and compelling reasons" warrant a reduction in Defendant's sentence.

Defendant argues that he is entitled to a sentence reduction because (1) he was young at the time of his prior convictions and those convictions were unfairly used to increase his Criminal History Category Score; (2) his sentence is longer than other sentences given to offenders for drug and violent offenses; (3) evidence of his cell site data was illegally obtained; (4) the elements of the crime for which he was convicted were not placed before the jury; (5) there was no specific finding of any degree of murder by the jury; (6) the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021) means that now

3

his offense would be considered non-violent and therefore subject to a lower sentence; and (7) he has sufficiently rehabilitated.  (Sent. Mot. 6); (Opp'n 7–8).  In response, the Government contends that Defendant has already litigated many of these claims and that none of them amount to "extraordinary and compelling reasons" based upon a change in the law.  (*Id.* at 1, 12–15).  The Court agrees with the Government.[1]  None of Defendant's arguments pass muster.

## A. Youth

Defendant alleges that the Court "considered and held against him the criminal acts [he] committed as a juvenile" to enhance his Criminal History Category.  (Sent. Mot. 8).  Defendant's argument is not listed as an "extraordinary and compelling reason" in U.S.S.G. § 1B1.13.  It also lacks merit.  Defendant committed all prior offenses as an adult.  (*Id.* at 9) (listing Defendant's prior offenses as occurring at 19, 22, and 24).  The Court correctly considered them as part of the Sentencing Guidelines.  U.S.S.G. § 4A1.1; *see also* U.S.S.G. Chapter Four Introductory Commentary ("A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment.  General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence.  To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered.  Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.").  Defendant points to no change in the law.  In fact, it still *is* the law to consider prior criminal history as a part of sentencing.  Defendant's youthful convictions are thus not an "extraordinary and compelling reason" to reduce his sentence.

---

[1] The Court has opted to resolve this Motion on narrower grounds than the Government's first argument that the Sentencing Commission exceeded its delegated authority when promulgating U.S.S.G. § 1B1.13(b)(6).  (Opp'n 8–12).

4

1

**B. Comparison**

2

3    Defendant contends that his sentence should be reduced because the Sentencing

4    Guidelines are advisory and "his life sentence appears to be longer than some federal

5    sentences imposed more recently for drug offenses involving violence." (Sent. Mot. 16).

6    This argument does not amount to an "extraordinary and compelling reason" to reduce his

7    sentence. It was established at trial that Defendant committed premeditated murder.

8    (Opp'n Exhibit 1, Sentencing Transcript); *Martinez*, 657 F.3d at 815 ("Fernandez delegated

9    its execution to Cruz, who shot and killed Hernandez shortly after he had been lured from

10   his house at 3:00 a.m., July 28, 2006."). The Court, considering the Sentencing Guidelines

     and its own assessment of the facts, applied the appropriate sentence.

11   **C. Cell Site Data**

12   According to Defendant, the Government presented inadmissible evidence at trial.

13   (Sent. Mot. 20). However, "[c]laims not raised on direct review are procedurally

14   defaulted". *Green v. United States*, 2019 WL 8953135, at *2 (C.D. Cal. Apr. 23, 2019)

15   (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). They "can only be heard on the

16   merits on collateral review if the [defendant] can demonstrate 'cause' for each failure to

17   raise the claim earlier, as well as 'actual prejudice.'" *Id.* (citing *Frady*, 456 U.S. at 170).

18   Defendant did not raise this argument on direct appeal or even in his first § 2255 motion.

19   *See generally Martinez*, 657 F.3d 811; (Order Denying Defendant's § 2255 Motion, ECF

20   No. 1488) (noting that Defendant's only argument was that he received ineffective

21   assistance of counsel); *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (explaining that § 2255

22   is "remedial vehicle specifically designed for federal prisoners' collateral attacks on their

23   sentences"). Plaintiff alleges neither cause nor actual prejudice such that this claim should

24   be heard now. As a result, the Court will not consider it. *Green*, 2019 WL 8953135, at *3

25   ("His second claim is therefore procedurally defaulted and not subject to collateral

26   review.").

27

28

5

**D. Elements of Offense Not Placed Before Jury**

Defendant argues that the elements of his offense were not placed before the jury and that his sentence was above the statutory maximum. (Sent. Mot. 24). First, the jury made a special finding that Defendant's "agreement to participate in the RICO conspiracy included the knowledge that a co-conspirator . . . would commit one or more of the following racketeering acts in furtherance of the RICO conspiracy: (1) murder". (ECF No. 993). Second, Defendant has already made—and lost—this argument on direct appeal. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent . . . petition."); *Martinez*, 657 F.3d at 816 ("[The defendants] did not request that the jury specifically identify the crimes justifying these sentences, but the jury's special verdict found them subject to the sentences, and the evidence before the jury established that . . . Cruz had acted for the conspiracy in the murder of Hernandez. The sentences were justified under 18 U.S.C. § 1963(a)."). "Because [Defendant] already raised an identical claim before the Ninth Circuit, he is not entitled to further judicial review as part of this subsequent [§ 3582] Motion." *Green*, 2019 WL 8953135, at *2.

**E. No Specific Finding of Murder by Jury**

Defendant's contention that his life sentence was inappropriate because there was no specific finding of murder by the jury fails for the reasons above. *See supra* III.D. He has already litigated the adequacy of his life sentence on direct appeal. *Martinez*, 657 F.3d at 816 ("The sentences were justified under 18 U.S.C. § 1963(a)."). The Court will not conduct further judicial review of this matter.

**F. *Borden***

Defendant argues that the Supreme Court's holding in *Borden* amounts to a change in the law such that his offense would now be considered non-violent. (Sent. Mot. 37). In *Borden*, the Supreme Court held that a criminal offense with a *mens rea* of recklessness does not qualify as a "violent felony" as that term is defined in the Armed Career Criminal

6

Act's ("ACCA") elements clause. *Borden*, 539 U.S. at 420. The ACCA is not at issue here. Rather, Defendant was charged and convicted of violating the RICO Act, where the jury specifically found that Defendant joined the conspiracy with knowledge that a murder would be committed. (ECF No. 993). As the Ninth Circuit affirmed, Defendant's act of murder justified a life sentence. *Martinez*, 657 F.3d at 816 ("The sentences were justified under 18 U.S.C. § 1963(a)."). Therefore, there has not been a change in the law amounting to an "extraordinary and compelling reason" to reduce Defendant's sentence.

### G. Rehabilitation

Defendant alleges he has demonstrated "exemplary and self-motivated" rehabilitation. (Sent. Mot. 6). However, under 28 U.S.C. § 994(t),

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. *Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.*

28 U.S.C. § 994(t) (emphasis added). Defendant has failed to state any other "extraordinary and compelling reason" to modify his sentence. While the Court commends Defendant for his alleged rehabilitation efforts, the Court may not consider them in isolation. *Id.* Defendant's rehabilitation is thus insufficient to support a sentence reduction. Because Defendant has failed to present "extraordinary and compelling reasons" to reduce his sentence, the Court need not address the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, Defendant's Motion seeking compassionate release is **DENIED**.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Reduce Sentence.[2]  Defendant's Motion to Appoint Counsel is similarly **DENIED** as moot.

**IT IS SO ORDERED.**

Date:  February 5, 2025

_____
Hon. Dana M. Sabraw, District Judge
United States District Court

---

[2] Because the Court **DENIES** Defendant's Motions, it need not address the Government's request for a hearing date so that members of the victim's family may be heard.  (Opp'n 17).

8